UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN HENDERSON, | ) | |
|               Plaintiff | ) | |
| vs. | ) | CAUSE NO. 2:11-CV-330 RLM |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
|               Defendant | ) | |

OPINION and ORDER

John Henderson filed an action seeking review of the final decision of the Commissioner of Social Security denying his application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423(d). On March 25, 2013, the court remanded the case to the Administrative Law Judge for further proceedings. Mr. Henderson is now before the court seeking to recover attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), arguing that the Commissioner's position in defending the ALJ's decision was not "substantially justified." The Commissioner disagrees and says Mr. Henderson's fee request should be denied or, alternatively, be reduced as excessive. Having reviewed the record of the case and the parties' submissions, the court concludes that the Commissioner's position was substantially justified on one issue concerning the ALJ's analysis of Mr. Henderson's mental impairments, but was not substantially

justified on the remaining issues relating to Mr. Henderson's physical impairments, so the application for fees should be granted.

The EAJA "is not an automatic fee-shifting statute," so merely prevailing against the Commissioner doesn't entitle a party to an award of fees. Potdar v. Holder, 585 F.3d 317, 319 (7th Cir. 2009). To be eligible for a fee award under the statute, a movant must show that (1) he was a prevailing party; (2) the Commissioner's position wasn't substantially justified; (3) no special circumstances exist that would make an award unjust; and (4) he filed a timely and complete application for fees. Potdar v. Holder, 585 F.3d 317, 319 (7th Cir. 2009) (*quoting* Kholyavskiy v. Holder, 561 F.3d 689, 690 (7th Cir. 2009)).

The record shows that Mr. Henderson has filed a timely petition supported by an itemized statement, and the Commissioner hasn't challenged his position as the "prevailing party" or asserted any "special circumstances" that would make an award of fees and costs unjust. The issue, then, is whether the Commissioner's position was substantially justified, *i.e.*, having a reasonable basis in both fact and law and a reasonable connection between the facts and the legal theory. Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009); *see also* Pierce v. Underwood, 487 U.S. 552, 565 (1988) ("justified to a degree that could satisfy a reasonable person"). The Commissioner bears the burden of establishing that its position was substantially justified overall. Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006); *see also* Wulf v. Astrue, No. 09 C 6505, 2011 WL 4345763, at *2 (N.D. Ill. Sept. 15, 2011) ("To avoid an award of fees, the ALJ must prove that both his

pre-litigation conduct, including the ALJ's decision, and his position during the litigation were substantially justified.").

The Commissioner claims the agency's position was substantially justified because, the Commissioner says, the court's decision to remand the case was "rooted more in articulation errors and did not necessarily 'mandate' reversal, as [Mr. Henderson] argues." Resp., at 5. The Commissioner says the court didn't use "strongly-worded language that would suggest a lack of substantial justification and did not find that the ALJ's errors 'mandated reversal.'" Resp., at 5.

While no "strongly worded language" was used in the order remanding the case to the Social Security Administration for further proceedings, the court can't agree that its decision to remand was rooted in mere articulation errors. Mr. Henderson's medical records contained evidence of sleep apnea and axonal neuropathy diagnoses, but ALJ didn't determine the severity of those conditions or address how those conditions affect Mr. Henderson's ability to function. Too, the ALJ found Mr. Henderson's obesity to be a severe impairment, but provided no analysis of how obesity might affect his other impairments. Thus, the Commissioner's support for the ALJ's decision was not substantially justified.

The Commissioner argues in the alternative that if the fee award is granted, the court should award the fees in a reduced amount. Mr. Henderson has submitted an itemization of time by his attorney, Barry Schultz, for fees totaling $7,750.90, plus costs in the amount of $13.40. Mr. Schultz billed his time at a rate of $182 per hour, while his assistants charged $95 per hour for their time.

The Commissioner hasn't challenged those hourly rates, but argues instead that the issues in this case weren't unusual, so the time spent by counsel on this case, 41.7 hours, "was excessive." The Commissioner says that "[a]t least some of these hours should be excluded as excessive, as a lawyer in private practice would likely have to exclude at least some of these hours from his fee submission to a client." Resp., at 8. The Commissioner, however, offers nothing further – no suggestion of how many hours should have been expended on the case or how many hours would have been reasonable – and, as a result, hasn't demonstrated why those hours should be discounted.

The court finds that Mr. Henderson is the prevailing party, the Commissioner's position with respect to his physical impairments was not substantially justified, no special circumstances make an award unjust in this case, and Mr. Henderson's itemized statement of time expended and fees charged for services rendered in this case is both fair and reasonable. The court GRANTS the plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the total amount of $8,114.90 (initial request of $7,750.90 + supplemental request of $364.00), plus costs in the amount of $13.40 [docket # 29].

SO ORDERED.

ENTERED:   March 14, 2014

/s/ Robert L. Miller, Jr.
Judge, United States District Court