UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHN HENDERSON, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CAUSE NO. 2:11-CV-330 RLM ) |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant | ) |

OPINION AND ORDER

John Henderson brought this action for judicial review after the Commissioner of Social Security denied his application for disability insurance benefits. The court vacated the Commissioner's decision was vacated and remanded the case to the Social Security Administration for further proceedings. Mr. Henderson ultimately prevailed and was awarded $65,013.32 in past-due benefits. Mr. Henderson's counsel, Barry A. Schultz, has received $8,114.90 for the services he provided pursuant to 28 U.S.C. § 2412(d); Mr. Schultz's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is now before the court.

An attorney who has successfully represents a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

While fees may be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Gisbrecht v. Barnhart, 535 U.S. at 796; *see also* Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) ("[I]f the award received under the EAJA . . . is less than the 25% contingent fee contract based upon back benefits, then claimant's counsel may collect from the claimant the difference between the 25% award and the award under the EAJA.").

Mr. Schultz asks the court to authorize attorney fees in the amount of $16,253.33, an amount that is within the parameters of Section 406(b) and the parties' contingent fee agreement. The court must decide whether the attorney fees yielded by that agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 809.

The government hasn't objected to Mr. Schultz's request, and the amount requested equals twenty-five percent of the past-due benefits awarded to Mr. Henderson. The amount requested, $16,253.33, equates to an effective rate of $389.77 per hour (for 41.7 hours) and is reasonable in light of the result achieved in this case, Mr. Schultz's experience, the contingent nature of the recovery, and the evidence submitted with respect to the prevailing market rate for similar services.

The record of this case also shows that in 2014, following remand to the agency, the court awarded Mr. Schultz fees in the amount of $8,114.90 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Fee awards may be made under both the EAJA and Section 406(b), but the claimant's attorney must refund

the amount of the smaller fee. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). Mr. Schultz has agreed that he will refund the EAJA award of $8,114.90 to Mr. Henderson.

Accordingly, the motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) [docket #35] is GRANTED, and the court AWARDS fees to plaintiff's attorney Barry A. Schultz in the total amount of $16,253.33, to be paid directly to Barry A. Schultz of The Law Offices of Barry A. Schultz, 1601 Sherman Ave., Suite 510, Evanston, Illinois, 60201. The court further ORDERS Attorney Schultz to refund to Mr. Henderson the sum of $8,114.90, which represents the amount of EAJA fees already paid to Mr. Schultz and now credited to Mr. Henderson.

SO ORDERED.

ENTERED:   April 21, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court